**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

**NO. 18-11421**

_____

**UNITED STATES OF AMERICA,**
Plaintiff-Appellee,

v.

**COREY EVAN ROBESON,
ALSO KNOWN AS "FACE"**
Defendant-Appellant

_____

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

**INITIAL BRIEF OF APPELLANT
CRIMINAL APPEAL**

J. Eric Nickols
State Bar Number: 24051494
Eric.Nickols@NickolsWhite.com
**NICKOLS & WHITE, PLLC**
1000 8th Avenue, Suite 200
Fort Worth, Texas 76104
(817) 617-7500
(817) 887-5897 (fax)

# **CERTIFICATE OF INTERESTED PERSONS**

I certify that the following individuals may have an interest in the outcome of this case. I make these representations in order that the members of this Court may evaluate possible disqualifications or recusal.

| | |
|---|---|
| District Judge: | Honorable Sidney A. Fitzwater |
| Magistrate Judge: | Honorable Rebecca Rutherford |
| Appellant: | Corey Evan Robeson |
| Attorney for Appellant: | John Eric Nickols |
| United States Attorney for The Northern District of Texas | Erin Nealy Cox |
| Assistant U.S. Attorney for The Northern District of Texas | P.J. Meitl |
| Assistant U.S. Attorney for The Northern District of Texas | Rebekah Ricketts |
| Assistant U.S. Attorney for The Northern District of Texas | James Wesley Hendrix |

These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

/s/ *J. Eric Nickols*
J. Eric Nickols

# **STATEMENT RESPECTING ORAL ARGUMENT**

Oral argument is not necessary, nor is it requested.

# **TABLE OF CONTENTS**

**PAGE**

CERTIFICATE OF INTERESTED PERSONS ........................................................i

STATEMENT REGARDING ORAL ARGUMENT ................................................i

TABLE OF CONTENTS ........................................................................................ii

TABLE OF AUTHORITIES ..................................................................................iii

STATEMENT OF JURISDICTION ........................................................................1

STATEMENT OF THE ISSUE ................................................................................1

STATEMENT OF THE CASE .................................................................................1

SUMMARY OF ARGUMENT .................................................................................5

STANDARD OF REVIEW .......................................................................................5

ARGUMENT AND AUTHORITIES .......................................................................6

CONCLUSION ......................................................................................................... 8

CERTIFICATE OF SERVICE ................................................................................10

CERTIFICATE OF COMPLIANCE ......................................................................10

# TABLE OF AUTHORITIES

**Cases**

*Idaho v. Wright*, 497 U.S. 805, 110 S. Ct. 3139, 111 L. Ed. 2d 638 (1990) .........7, 8

*Ohio v. Roberts*, 448 U.S. 56, 100 S. Ct. 2531, 65 L. Ed. 2d 597 (1980) .................7

*United States v. Alford*, 142 F.3d 825 (5th Cir. 1998)...........................................6

*United States v. Armstrong*, 550 F.3d 382 (5th Cir. 2008).......................................6

*United States v. Booker*, 543 U. S. 220, 125 S. Ct. 738, 60 L. Ed. 2d 621 (2005)....8

*United States v. Gutierrez–Hernandez*, 581 F.3d 251 (5th Cir. 2009)......................6

*United States v. Mondragon-Santiago*, 564 F.3d 357 (5th Cir. 2009) ..................5, 6

*United States v. Ruiz*, 43 F.3d 985 (5th Cir. 1995)......................................................6

*United States v. Valencia*, 44 F.3d 269 (5th Cir. 1995)............................................6

**Statutes**

18 U.S.C. § 3742 ....................................................................................................1

21 U.S.C. § 841(a)(1)..............................................................................................1

21 U.S.C. § 841(b)(1)(c) .........................................................................................1

28 U.S.C. § 1291 ....................................................................................................1

**Rules**

5th Cir. R. 32.2.7(b) ................................................................................................1

5th Cir. R. 32.2.7(b)(3) ...........................................................................................1

5th Cir. R. 32.2.7(c) ........................................................................................1

# STATEMENT OF JURISDICTION

Jurisdiction of this Court is involved under 28 U.S.C. § 1291, as an appeal from a final judgment of conviction and sentence in the United States District Court for the Northern District of Texas, Dallas Division, and under 18 U.S.C. § 3742, as an appeal of a sentence imposed under the Sentencing Reform Act of 1984. Notice of appeal was timely filed in accordance with Rule 4(b) of the Federal Rules of Appellate Procedure.

# STATEMENT OF THE ISSUE

ISSUE:  The district court erred by relying on hearsay facts contained in Robeson's PSR because the facts failed to have an adequate evidentiary basis.

# STATEMENT OF THE CASE

Appellant Robeson pled guilty to the offense of conspiracy to possess with intent to distribute a controlled substance in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(c).

On April 11, 2018, Robeson was added to a superseding indictment that included fifty-six other named defendants. ROA.10.[1] On June 26, 2018, Robeson

---

[1] Appellant was not named in the original indictment. ROA.10.

entered into a plea agreement with the Government. ROA.157. Robeson entered his plea of guilty at his re-arraignment hearing on July 5, 2018. ROA.99.

The United States Probation Office submitted its Presentence Investigation Report (PSR) on September 7, 2018. ROA.200. Robeson filed his objections to the PSR on September 21 2018. ROA.202. Robeson objected to paragraphs 20, 21, 32, and 41 to the extent that the probation officer concluded Robeson's relevant conduct makes him responsible for 8,900 grams of U-47700, a Schedule I Controlled Substance based on an unindicted co-conspirator's (UCCI) information. ROA.203. Robeson pointed out that the statement of the UCCI, who most assuredly had a vested interest in giving information to the government to maintain his unindicted status, amounted to a bald, conclusory statement that did not provide an adequate evidentiary basis with sufficient indicia of reliability to support the district court finding it true. ROA.203.

Additionally, as Robeson stated in his objections, if the UCCI's information was correct that Robeson sold 8,900 grams of the controlled substance at a fee of $25 a capsule, Robeson would have collected $4.45 million. ROA.203. Yet, Robeson was and remains indigent. ROA.203. Moreover, even though Robeson agreed not to contest any forfeiture of his property, the government never forfeited any of his property. ROA.204.

Robeson also pointed out in his objections that any reliance on the UCCI's information contained in the PSR without hearing from the UCCI and allowing Robeson an opportunity to confront and cross-examine the UCCI, violates Robeson's 6th Amendment rights. ROA.203.

At his sentencing hearing on October 18, 2018, Robeson re-urged his objection to the inclusion of the UCCI's statements in the PSR. ROA.119. Robeson requested the district court find him guilty of the 129 grams of the controlled substance actually attributable to him and not the 8,900 grams the UCCI claimed Robeson possessed. ROA.119.

In response to Robeson's objection, the government called Detective Keith Green to testify as to the drug weight Robeson was alleged to have possessed. ROA. 121. When Green began to relay information obtained from the UCCI, Robeson objected to Green's hearsay testimony. ROA.122. The district court overruled Robeson's objection. ROA.123. However, during cross-examination, Green's testimony demonstrated how truly tenuous the government's allegation regarding their claim that Robeson possessed 8,900 grams of the controlled substance really was. Green admitted that he never interviewed the UCCI . ROA.133. In fact, Green admitted that he did not even sit in on the interview. ROA.133. An agent named Ronnie Rapert conducted the interview with the UCCI. ROA.133. Rapert then supposedly related the UCCI's statements to Green. ROA.133. Green then testified

about the UCCI's statements at the sentencing hearing. ROA.133. Green's testimony was not just run of the mill hearsay, it was double hearsay. Moreover, Rapert did not testify at the sentencing hearing.

During the sentencing hearing, Robeson addressed the district court. ROA.149. First, Robeson apologized to the court for being present "under these circumstances." ROA.147. Robeson explained that his own addiction to pain killers, as a result of being involved in two terribly painful accidents which led to his diagnosis of PTSD at the age of twenty, caused him to seek other ways to obtain the pills that gave him the relief he needed from his severe pain. ROA.149.

Further, Robeson explained to the court that he had never sold drugs in the quantities alleged by the government and that he had not profited even a quarter of the amount alleged by the government. ROA.149. Robeson testified that he was "floored" by the "extreme exaggerated amount of weight" the government alleged he was responsible for selling. ROA.149.

Ultimately, Robeson accepted responsibility for his actions. ROA.150. This is confirmed by the government's report in the PSR. In the PSR, the government stated that Robeson admitted he is guilty of this offense and "that the defendant has clearly demonstrated acceptance of responsibility for the offense." ROA.183. Additionally, the government stated that Robeson "assisted authorities in the investigation or prosecution of the defendant's own misconduct. . . " ROA.183. The

government reduced Robeson's offense level by three levels due to his upstanding actions.

At the conclusion of the sentencing hearing, Robeson was sentenced to 210 months in prison. ROA.152.

## SUMMARY OF ARGUMENT

The district court erred by relying on hearsay evidence to impose Robeson's sentence. The hearsay evidence had no evidentiary basis. Moreover, there was no way for Robeson to prove that the hearsay evidence relied upon by the district court was false; Robeson was denied the opportunity to cross-examine the unindicted co-conspirator who allegedly claimed Robeson possessed 8,900 grams of prohibited substance.

## STANDARD OF REVIEW

The appellate court reviews a defendant's sentence for reasonableness under an abuse-of-discretion standard. *United States v. Mondragon-Santiago*, 564 F.3d 357, 360 (5th Cir. 2009). This review occurs in two stages. *Id*. First, the court must ensure that the district court did not err procedurally. *Id*. Under this step of analyzing for procedural error, this Court reviews the district court's interpretation or application of the sentencing guidelines de novo, and its factual findings for clear error. *United States v. Gutierrez–Hernandez*, 581 F.3d 251, 254 (5th Cir. 2009)

(footnote omitted) (*quoting United States v. Armstrong*, 550 F.3d 382, 404 (5th Cir. 2008)). If the sentence is procedurally proper, the court engages in a substantive review based on the totality of the circumstances. *Mondragon-Santiago*, 564 F.3d at 360.

## ARGUMENT AND AUTHORITIES

The district court erred by relying on hearsay facts contained in Robeson's PSR that failed to have an adequate evidentiary basis. Robeson was harmed by the district court's error because the court used the hearsay statements to greatly increase Robeson's sentence.

While a district court may adopt facts contained in the PSR without further inquiry, this is true only if the facts have an adequate evidentiary basis, and the defendant does not present rebuttal evidence. *United States v. Alford*, 142 F.3d 825, 832 (5th Cir. 1998). Moreover, the "defendant bears the burden of showing that the information in the PSR relied on by the district court is materially untrue." *United States v. Valencia*, 44 F.3d 269, 274 (5th Cir. 1995); *see also United States v. Ruiz*, 43 F.3d 985, 989 (5th Cir. 1995).

Hearsay statements are admissible under the Confrontation Clause if the statements bear "adequate indicia of reliability." *Ohio v. Roberts*, 448 U.S. 56, 66, 100 S. Ct. 2531, 2539, 65 L. Ed. 2d 597 (1980). However, the hearsay evidence's "indicia of reliability" must be established by virtue of the statement's inherent

6

trustworthiness and not by reference to other evidence at trial. *Idaho v. Wright*, 497 U.S. 805, 822, 110 S. Ct. 3139, 3150, 111 L. Ed. 2d 638 (1990).

In this case, the probation officer surmised that Robeson possessed 8,900 grams of the subject controlled substance based on the hearsay testimony of an unindicted co-conspirator. ROA.178 ¶¶ 20, 21; ROA.181 ¶ 32. At the sentencing hearing, Detective Green testified that based on information from the UCCI, he believed Robeson possessed 6,000 to 9,350 grams of the controlled substance. ROA.124. Green admitted that he never interviewed the UCCI. ROA.133. In fact, Green admitted that he did not even sit in on the interview. ROA.133. An agent named Ronnie Rapert conducted the interview with the UCCI. ROA.133. Rapert then supposedly related the UCCI's statements to Green. ROA.133. Neither Rapert or the UCCI testified or were present at the sentencing hearing.

The probation officer and Green's statement that Robeson possessed 8,900 grams of the controlled substance was based on hearsay that possessed no indicia of reliability. Neither the probation officer nor Green offered any evidence that this UCCI's statement was trustworthy. Moreover, the fact that Green testified that one of Robeson's co-defendants stated that Robeson possessed a large quantity of the controlled substance could not be used to establish the reliability of the statement. *Wright*, 497 U.S. at 822.

Green's hearsay statement was without an adequate evidentiary basis. Thus, the district court erred in adopting it as a fact and utilizing it to decide Robeson's sentence. Additionally, there was no way for Robeson to show that the UCCI's statement contained in the PSR was materially untrue. Robeson was denied the opportunity to cross-examine the UCCI. Robeson was literally at the mercy of a statement made by the UCCI. The UCCI could have testified that Robeson possessed 20,000 grams of the prohibited substance. And Robeson had no ability to prove that this was false because the UCCI was not present at the sentencing hearing. Robeson had no way to test the UCCI's credibility for truth.

The district court should have never relied upon this unsubstantiated baseless fact to decide Robeson's sentence. *United States v. Booker*, 543 U. S. 220, 230-232, 125 S. Ct. 738, 790 n.84, 60 L. Ed. 2d 621 (2005) (criticizing factfinding under the Guidelines as "judges determin[ing] 'real conduct' on the basis of bureaucratically-prepared, hearsay-riddled presentence reports") (Scalia, J., dissenting in part).

## **CONCLUSION**

Corey Robeson prays that this Court vacate his sentence and remand for resentencing, or for such relief as to which he may justly entitled.

Respectfully submitted,

/s/ *J. Eric Nickols*
J. Eric Nickols
State Bar Number: 24051494
Eric.Nickols@NickolsWhite.com
NICKOLS & WHITE, PLLC
1000 8th Avenue, Suite 200
Fort Worth, Texas 76104
(817) 617-7500
(817) 887-5897 (fax)

# CERTIFICATE OF SERVICE

I certify that a copy of this brief was served on the Assistant United States Attorney by ECF to AUSA James Wesley Hendrix, on March 27, 2018.

I certify that a paper copy of this brief was sent via first-class mail to Mr. Corey Robeson, Register Number 57120-177, Florence FCI, 5880 Hwy 67 South, Florence, CO 81226.

/s/ *J. Eric Nickols*
J. Eric Nickols

# CERTIFICATE OF COMPLIANCE

Pursuant to 5th Cir. R. 32.2.7(c), the undersigned certifies this brief complies with the type-volume limitations of 5th Cir. R. 32.2.7(b).

1. Exclusive of the exempted portion in 5th Cir. R. 32.2.7(b)(3), this brief 1,674 words.

2. This brief has been prepared in proportionally spaced typeface using Microsoft Word 2016 in Times New Roman typeface and 14-point font size.

3. An electronic copy of this brief has been filed with the court through ECF.

/s/ *J. Eric Nickols*
J. Eric Nickols